IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32971-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS A. SCOTT, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |

BROWN, A.C.J. — Thomas A. Scott appeals his fourth degree assault conviction, contending he was denied his right to a speedy trial. In his pro se statement of additional grounds for review (SAG), Mr. Scott alleges prosecutorial misconduct and requests return of fees paid, if we agree with him. Finding no error, we affirm.

FACTS

The State charged Mr. Scott with second degree assault for allegedly strangling his on again/off-again girlfriend. On July 7, 2014, Mr. Scott pleaded not guilty and trial was set for September 3, 2014.

On September 3, the State requested a continuance due to a scheduling conflict. Defense counsel noted the speedy trial time was close to expiring. The court granted the continuance, but allowed Mr. Scott to be released from jail on his own recognizance. Trial was reschedule for October 8.

On October 6, the parties attended a status hearing where defense counsel stated they were ready for trial on October 8. The judge seemed surprised and noted a final review hearing had not yet been scheduled. The State indicated it had not subpoenaed several of its witnesses because it did not think trial was going to occur on October 8. Over Mr. Scott's objection, the court continued trial to October 22.

On October 20, the State asked for another continuance because the arresting officer was on vacation. Mr. Scott objected. The court found the officer was material to the case and granted the continuance. The court set trial for November 5.

On November 3, the State asked for another continuance because the girlfriend's father unexpectedly died and she was too grief stricken to testify. Mr. Scott objected and reminded the court of the previous continuances. Over Mr. Scott's objection, the court granted the State's continuance and set trial for November 19.

On November 19, trial commenced. A jury found Mr. Scott guilty of fourth degree assault, a lesser included offense of second degree assault. He appealed.

## ANALYSIS

### A. Speedy Trial

Mr. Scott contends his conviction must be reversed and dismissed because the trial court violated his right to a speedy trial under CrR 3.3 by granting continuances requested by the prosecutor without showing good cause. We review a trial court's decision to grant a continuance under CrR 3.3 for an abuse of discretion. *State v. Downing*, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004). A trial court abuses its discretion

2

when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. *State v. Lord*, 161 Wn.2d 276, 283-84, 165 P.3d 1251 (2007).

CrR 3.3(b)(1)(i) provides that an individual held in custody pending trial must be tried within 60 days of arraignment. Conversely, a defendant not detained must be tried within 90 days. CrR 3.3(b)(2)(i). A defendant initially detained and then released, as is the case here, must be tried within 90 days. CrR 3.3(b)(3).

Certain time periods may be excluded from the computation of time awaiting trial, including continuances granted by the trial court. CrR 3.3(e)(3). CrR 3.3(f)(2) provides a basis by which a trial court may validly continue the start of trial, stating, "On motion of the court or a party, the court may continue the trial date to a specified date when such continuance is required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense."

Here, trial commenced 135 days from arraignment due to the granting of 4 continuances. The first was due to the prosecutor's scheduling conflict. The second was for additional time to subpoena witnesses. The third was due to the arresting officer being on vacation. And, the fourth was because the alleged victim's father had suddenly passed away and she was unable to testify.

*Scheduling Conflict.* It is well established that a trial court does not abuse its discretion by granting a State's continuance motion based on a prosecutor's scheduling conflict from a different trial assignment. *See, e.g., State v. Flinn*, 154 Wn.2d 193, 200, 110 P.3d 748 (2005) ("Scheduling conflicts may be considered in granting

3

continuances."); *State v. Krause*, 82 Wn. App. 688, 698, 919 P.2d 123 (1996) ("Conflicts in the prosecuting attorney's schedule may be considered 'unavoidable' circumstance justifying an extension of the speedy trial date under CrR 3.3."). The prosecutor in this case had two cases going to trial at the same time. The other case was a more serious offense and the defendant was incarcerated. The trial court granted a continuance, but released Mr. Scott on his own recognizance, a proper exercise of discretion.

*Unprepared for Trial.* Like scheduling conflicts, the need for trial preparation is a "valid reason[] for continuances beyond the time for trial period." *Flinn*, 154 Wn.2d at 200. Here, due to trial date confusion, the State did not subpoena its witnesses by the October 6 status hearing. The court did not have a final review hearing on its docket. To allow time for these deficiencies to be corrected and for the State to prepare for trial, the court continued the trial by two weeks, satisfying *Flinn*.

*Unavailability of Witnesses.* The unavailability of a material State witness is a valid ground for continuing a criminal trial where a valid reason exists for the unavailability, the witness will become available within a reasonable time, and the defendant is not substantially prejudiced. *State v. Nguyen*, 68 Wn. App. 906, 914, 847 P.2d 936 (1993). Here, both the investigating officer and the alleged victim were material witnesses who had valid excuses for being unavailable (a pre-planned vacation and a death in the family). And, in both cases, the court continued the trial for a limited time. Accordingly, the court had a tenable basis to delay trial. Because the trial court did not abuse its discretion in granting the State's continuances, the delay was excluded

4

No. 32971-2-III
*State v. Scott*

from the computation of time awaiting trial under CrR(e)(3). No speedy trial violation occurred.

## B. SAG

In his SAG, Mr. Scott contends the prosecutor falsely told the court at the October 6 continuance hearing that the State needed additional time to issue subpoenas. No evidence in this court's record shows this statement was false. If Mr. Scott is aware of evidence outside our record to support his claim, his proper remedy is to bring a personal restraint petition. *State v. Turner*, 167 Wn. App. 871, 881, 275 P.3d 356 (2012).

Next, Mr. Scott asks this court to refund him $1,300 in paid fines. Since we reject his contentions and affirm his conviction, no basis exists for a refund.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, A.C.J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

5